## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DAVID SAMUEL CRENWELGE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-42-G** |
| | ) | |
| **STEPHENS COUNTY et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff David Samuel Crenwelge, a state inmate appearing pro se, initiated this civil action on January 11, 2023.  On April 11, 2024, after Plaintiff failed to comply with the Court's order regarding his filing fee requirements, the Court granted Plaintiff an opportunity to seek leave to proceed *in forma pauperis* in this matter.  *See* Order of Apr. 11, 2024 (Doc. No. 6).  Plaintiff was advised: "If Plaintiff wishes to proceed with this action, he must complete and return [the *in forma pauperis*] application to the Court within fourteen (14) days of the date of this Order.  Failure to do so may result in dismissal of this matter without prejudice."  *Id.* at 2.[1]

Under Federal Rule of Civil Procedure 41(b), if a plaintiff "fails to prosecute or to comply with these rules or a court order," the Court may dismiss the action.  *See* Fed. R. Civ. P. 41(b).  The Tenth Circuit "ha[s] consistently interpreted Rule 41(b) to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute."  *Huggins v. Supreme*

---

[1] The Court's Order was delivered to Plaintiff through U.S. Mail to his address of record and returned as undeliverable.  Plaintiff  has not notified the Court of any further address change as required by Local Civil Rule 5.4.

*Court of U.S.*, 480 F. App'x 915, 916-17 (10th Cir. 2012) (internal quotation marks omitted); *see also AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs., Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009). If the dismissal is without prejudice, the Court generally need not follow any "particular procedures" in entering the dismissal order. *AdvantEdge Bus. Grp.*, 552 F.3d at 1236; *see also Robledo-Valdez v. Smelser*, 593 F. App'x 771, 775 (10th Cir. 2014).

As of this date, Plaintiff has not submitted the application or his required filing fee, shown good cause for his failure to do so, or otherwise been in contact with the Court. Plaintiff has had "ample time" to ensure compliance but has instead chosen to disregard the Court's Order. *Soeken v. Estep*, 270 F. App'x 734, 736 (10th Cir. 2008). Plaintiff's failure to prosecute this action and to comply with the Court's Order leaves the Court unable "to achieve an orderly and expeditious" resolution of this action. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) (discussing the inherent power of a court to dismiss suits for lack of prosecution on its own initiative).

CONCLUSION

Accordingly, this action is DISMISSED without prejudice.

A separate judgment shall be entered.

IT IS SO ORDERED this 6th day of May, 2024.

CHARLES B. GOODWIN
United States District Judge